UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DE'ANDRE KENDRICK,

                    Plaintiff,

            -against-                                    25-CV-9041 (LTS)

BOOKS-N-THINGS WAREHOUSE                                 TRANSFER ORDER
CORPORATION,

                    Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at the Westville Correctional Facility in Westville,

LaPorte County, Indiana, brings this action proceeding *pro se*. He names as Defendant, Books-N-

Things Warehouse Corporation, a company located in Shrewsbury, New Jersey. For the

following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States

District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant, a New Jersey company, provided inaccurate information in its book catalogue, which Plaintiff presumably reviewed while incarcerated at a correctional facility in LaPorte County, Indiana. Because Defendant is located in New Jersey, and the events giving rise to this action occurred in New Jersey and/or Indiana, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff names a New Jersey company and asserts claims that may have arisen in New Jersey and/or in Indiana. Because it is unclear where the claims arose, and therefore in which district venue would be proper under Section 1391(b)(2), the Court finds that venue for this action is proper under Section 1391(b)(1) in the District of New Jersey. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. The Court directs the Clerk of Court to terminate Plaintiff's motion to proceed *in forma pauperis*. (ECF 4.)

A summons shall not issue from this Court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 19, 2026
               New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
